### HARRIS HOYT *vs.* LEVI CHAPIN et al.

The plaintiff, while an infant, having procured the defendant to sign for him a note, and having turned out to him a stove, with licence to take it when he pleased, cannot maintain trespass for the defendant's taking it away.

*Quere*—Could the infant have revoked this contract ?

This was an action for taking and conveying away a stove. Plea, 1st, general issue—2d, licence to Chapin and the other defendants, who were his servants, and traverse.

On the trial, the defendant proved that the plaintiff procured Chapin to sign with and for the plaintiff a note, and to induce him so to do, turned out to him, among other property, this stove. Chapin did not then take away the stove, but it was then agreed Chapin was to take the same when he pleased. The note not having been paid, Chapin, assisted by the other defendants, took away the stove ; for which taking this action was brought. The court decided the above facts were sufficient evidence of a licence. The plaintiff then offered to prove that when the above contract was made, he was an infant, which was objected to by the defendant, and rejected by the court. After verdict and judgment for the defendants, the cause came, by exceptions, to this court.

*Briggs for plaintiff.*—1st. The licence set up, was avoided by the plaintiff's infancy.

CHITTENDEN,
January,
1834.

Hoyt
vs.
Chapin et al.

2d. It was not necessary to reply infancy, but it might be shown in evidence.

3d, The contract in relation to the stove was revocable both on the ground of infancy and on the ground that the property was not delivered.—1 Dane's Digest, 195, 307.— 11 Mass. Rep. 533.—6 do. do. 132.—Jac. L. Dic: Tit. Infancy.

*D. A. Smalley for defendants.*—1st. The evidence fully showed a licence.

2d. The evidence of the plaintiff's infancy was properly rejected, because it was not in issue. A traverse is a simple denial of the fact, and matter in avoidance is inadmissible.—1 Chitty, 592, 597.—2 Ld. Ray. 837.—1 Swift's Dig. 622, 625.

3d. The acts of an infant are not void but voidable, and therefore the plaintiff must have shown not merely that he was an infant, but that he avoided the licence before the defendants took the stove. This he did not offer to show. *Zouch* vs. *Parsons*, 3 Burr. 1794.—*Bigelow* vs. *Kinney*, 3 Vt. Rep. 353.

4th. The plaintiff could not revoke this licence unless he could put Chapin in the situation he was before signing the note, which he did not do. He could not avoid the contract in part only.—*Bigelow* vs. *Kinney*, 3 Vt. Rep. 353.

The opinion of the court was pronounced by

COLLAMER, J.—This property was turned out to Chapin and the licence granted to take it away, on a valuable consideration. It lay not in grant but in livery. It was not *void*. Without now deciding how much the plaintiff must have done in order to revoke or avoid this contract, or any part thereof, or what effect it would have had on Chapin or the note, we are clear in the opinion that it must have been *avoided* by some clear and substantive act before the taking complained of, and such revocation been specially replied in order to have been admitted.

Judgment affirmed.